IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| HAROLD A. CHEIRS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:16-cv-02100-TLP-dkv |
| v. | ) | |
| | ) | JURY DEMAND |
| SHELBY COUNTY GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This action concerns an employment dispute: whether Defendant discriminated against Plaintiff based on race and retaliated against him for filing prior complaints with the Equal Employment Opportunity Commission ("EEOC"). Defendant has moved for Summary Judgment. (ECF No. 51.) After reviewing the parties' submissions and hearing oral argument, the Court finds that Defendant's Motion is well-founded and the Court GRANTS Summary Judgment in favor of Defendant.

**BACKGROUND**

In 2004, Defendant hired Plaintiff to serve as a Deputy Sheriff in the Sheriff's Department. (ECF No. 1 at PageID 3.) By all accounts, Plaintiff's goal was eventually to work with the Shelby County Special Weapons and Tactics ("SWAT") team. (ECF No. 54-4 at PageID 256.) Though not explicitly in the record, Plaintiff attempted once before to join the SWAT Team and failed to earn a position. (*Id*. at 256–57.) This resulted in Plaintiff filing several complaints with the EEOC, alleging racial discrimination, as he is an African-American man. (*Id*. at 258); (ECF No. 1 at PageID 2.)

According to Plaintiff, because of his repeated EEOC filings, Defendant placed him in the SWAT training program. (ECF No. 1 at PageID 3.) This training program served as a tryout for open SWAT-team positions and Defendant required the applicants to undergo various mental and physical tests. (ECF No. 51-1 at PageID 129.) Failure to pass any of these tests could result in applicants receiving a "fail day" notice. (*Id*.); (ECF No. 51-2 at PageID 143.) Before the program started, applicants received notice of explicit criteria which could lead to receiving these fail-day notices. (ECF No. 51-2 at PageID 130); (ECF No. 51-2 at PageID 143.) Defendant required applicants to read and acknowledge the notice of these criteria before the program's beginning. (*Id*.) And the parties agree that all applicants knew, going in, that receiving three fail-day notices would lead to failing out of the program. (ECF No. 51-3 at PageID 169.)

During the training program, it is undisputed that Plaintiff received three fail-day notices—one for falling behind in a running exercise, one for failing a land-navigation test and one for failing the land-navigation test when he took it a second time. (ECF No. 51-2 at PageID 145–50.) Each time, Defendant gave Plaintiff written notice of his fail day, including the reason for his receiving it. (*Id*.) Each time, Plaintiff signed off on receiving a fail-day notice. (*Id*.) Because Plaintiff received three fail-day notices, Defendant removed him from the training program. (ECF No. 1 at PageID 4.)

After his termination from the program, Plaintiff filed a complaint with the EEOC, alleging that his failing out stemmed from discrimination and retaliation for his prior EEOC complaints. (ECF No. 1 at PageID 8.) The EEOC declined to intervene, issuing Plaintiff a Dismissal and Notice of Rights letter on November 12, 2015. (*Id*. at PageID 9.) According to his Complaint, Plaintiff received this letter on the same day and then filed an action against

Defendant ninety-two days later—February 12, 2016. (*Id*. at PageID 10.) His Complaint alleged that Defendant violated Plaintiff's rights under Title VII and § 42 U.S.C. 1981. (*Id*.)

## **STANDARD OF REVIEW**

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, [a] court construes all reasonable inferences in favor of the nonmoving party." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" *Id*. (quoting *Celotex*, 477 U.S. at 325.)

"A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012). "A *genuine* issue for trial exists where reasonable minds could differ on a material fact." *Henschel v. Clare Cty. Rd. Comm'n*, 737 F.3d 1017, 1022 (6th Cir. 2013) (emphasis added). There must be more than "some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is not 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita*, 475 U.S. at 586–87).

"Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Mosholder*, 679 F.3d

at 448–49; *see also* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. Rule 56(e) "requires the nonmoving party [who will bear the burden of proof at trial] to go beyond the pleadings" to show the existence of a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 324. Conclusory allegations, unsupported by specific evidence, cannot establish a genuine factual dispute sufficient to defeat a motion for summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990); *see also* Fed. R. Civ. P. 56(e). Similarly, statements in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir. 1992). Additionally, "a mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012).

To show that a fact "cannot be or is genuinely disputed," each party must cite "particular parts of materials in the record" or show that the other party's cited materials do not establish the presence or absence of a genuine factual dispute. Fed. R. Civ. P. 56(c)(1); *see also Bruederle*, 687 F.3d at 776. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Pharos Capital Partners, L.P. v. Deloitte & Touche*, 535 F. App'x 522, 523 (6th Cir.

4

2013) (per curiam) (quoting *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008), *abrogation recognized by Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015)).

**DISCUSSION**

Defendant's Motion for Summary Judgment attacks Plaintiff's Complaint on both procedural and substantive grounds. Procedurally, Defendant argues that Plaintiff's Complaint is partially time-barred. (ECF No. 51-6 at PageID 214–16.) Substantively, Defendant argues that Plaintiff failed to prove a prima facie case of either discrimination or retaliation, under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). (*Id*. at PageID 202–13.) The Court reviews both the Title VII and the § 1981 claims using the same analytical framework. *Tennial v. United Parcel Service, Inc.*, 840 F.3d 292, 302 (6th Cir. 2016); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 464 (6th Cir. 2001); *Johnson v. University of Cincinnati*, 215 F.3d 561, 573 n.5 (6th Cir. 2000) ("The elements of *prima facie* case as well as the allocations of the burden of proof are the same for employment claims stemming from Title VII and § 1981."). The Court takes each argument in turn.

**I.      Plaintiff's Title VII Claim Is Barred by the Applicable Statute of Limitations**.[1]

Title VII requires that a plaintiff file an action within ninety days of receiving the right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *Truitt v. Cty. Of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998). "The ninety-day time limit is 'strictly enforced' and subject to equitable tolling only when the plaintiff's failure to meet the deadline 'unavoidably arose from

---

[1] There is no dispute that Plaintiff's § 1981 claim was timely filed. Section 1981 claims have a four-year statute of limitations because they arise under the Section's 1991 amendments. *See Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506., 514 (6th Cir. 2003). These amendments relate to racial discrimination in post-contract-formation employment actions. *See* 42 U.S.C. § 1981(b); *Kinley v. Norfolk S. Ry. Co.*, 230 F. Supp.2d 770, 774 (E.D. Ky. 2002). As a result, Plaintiff's § 1981 claim is within the four-year statute of limitations. (ECF No. 1 at PageID 9–10.)

circumstances beyond that [plaintiff's] control.'" *Disena v. TS Employment Inc.*, No. 16-2269, 2017 WL 4124889, at *2 (6th Cir. May 11, 2017) (citations omitted).

But "when a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). This would then mean that a Plaintiff can have up to ninety-three days to file her complaint after receiving her right-to-sue letter. *See* § 2000e-5(f)(1).

That said, a plaintiff may lose the three-day delivery assumption if he asserts that he received his right-to-sue letter earlier. For example, in *Disena*, the plaintiff lost his three-day delivery assumption when his complaint stated that he received his right-to-sue letter on the day that it was sent. *See Disena*, 2017 WL 4124889, at *2; *Disena v. TS Employment Inc.*, No. 15-12566, 2016 WL 4264192, at *1 (E.D. Mich. Aug. 12, 2016), *aff'd*, No. 16-2269, 2017 WL 4124889 (6th Cir. May 11, 2017).

*Disena* is illustrative. Here, Plaintiff's Complaint asserts that he received his right-to-sue letter on the same day that it was sent. (ECF No. 1 at PageID 3, 9.) He then reaffirmed his Complaint's accuracy in his deposition. (ECF No. 51-3 at PageID 166.) Thus, his Title VII claim is barred because he filed his Complaint ninety-two days after he received his right-to-sue letter. (ECF No. 1.)

Even so, Plaintiff requests leave to amend his Complaint to reclaim the three-day delivery assumption. (ECF No. 54-1 at PageID 229.) The Court notes that Plaintiff's request lacks case-law citations. Instead, he argues that "the U.S. Post Office does not deliver mail in Memphis, TN, the same day it is placed in the mail by the sender." (*Id.*) The Court knows of no such official U.S. Post Office policy, at least in Memphis. It is thus not inclined to allow

6

Plaintiff's amendment, especially because his error more likely stemmed from a lack of diligence in double-checking his court filings. Furthermore, whether the Court allows Plaintiff to amend is essentially immaterial because the Court's holding does not rest on whether Plaintiff's Complaint was timely filed.

**II.     The *McDonnell Douglas* Burden-Shifting Framework.**

A party may prove its claim with direct and circumstantial evidence. Direct evidence is evidence which, "if believed, *requires* the conclusion that unlawful [behavior] was at least a motivating factor in the employer's actions." *Mansfield v. City of Murfeesboro*, 706 F. App'x 231, 235 (6th Cir. 2017) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004)); *see also Johnson v. University of Cincinnati*, 215 F.3d 561, 577 n.7 (6th Cir. 2000) (finding direct evidence of discrimination where a university president allegedly said, "[w]e already have two black vice presidents. I can't bring in a black provost"); *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003) (finding no direct evidence of discrimination where a manager expressed "concern about the potentially detrimental effect on business of having an African–American co-manager").

"Circumstantial evidence, on the other hand, is proof that does not on its face establish [unlawful] animus, but does allow a factfinder to draw a reasonable inference that [unlawful] activity] occurred." *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 649 (6th Cir. 2012).

When a plaintiff proves her allegations through circumstantial evidence, the Sixth Circuit uses the *McDonnell Douglas* burden-shifting framework for discrimination and retaliation cases. *See Mansfield*, 706 F. App'x at 236; *Peoples v. City of Detroit*, 891 F.3d 622, 634 (6th Cir. 2018).

> Under *McDonnell Douglas,* Plaintiff bears the initial burden to establish a prima facie case of retaliation [or discrimination]. If Plaintiff succeeds in making out the elements of a prima facie case . . . the burden of production shifts [to the employer] to articulate a legitimate, non-retaliatory reason for the [action]. If the employer satisfies its burden of production, the burden shifts back to Plaintiff to show that the reason was a pretext for [the action]. Although the burden of production shifts between the parties, the Plaintiff bears the burden of persuasion through the process.

*Mansfield*, 706 F. App'x at 236 (bracketing and quotations omitted); *see Peoples*, 891 F.3d at 634.

The Court views this action as one relying on circumstantial evidence. For example, in his Complaint, Plaintiff states that:

- He was the only African-American applicant in the SWAT program. (ECF No. 1 at PageID 4.)

- White SWAT applicants "were given chances to overcome any training obstacles, but Plaintiff was not given said chances." (*Id*.)

- "The SWAT Command Staff who decided to remove Plaintiff from [the program] were among the same Command Staff who discriminated and retaliated against Plaintiff on his earlier protected activities. They had full, actual knowledge of his EEOC charges, and targeted Plaintiff for failure in the SWAT training course, as a result of his EEO[C] activities." (*Id*.)

These allegations, if believed, need not require the conclusion that Defendant's action were at least partially motivated by unlawful behavior. *See Mansfield*, 706 F. App'x at 235. The parties also agree that *McDonnell Douglas* applies and explicitly stated as much at oral argument. (ECF No. 51-6 at PageID 202, 206); (ECF No. 54-1 at PageID 225–30.) Thus, the Court reviews Plaintiff's claims under Title VII and § 1981 by using the *McDonnell Douglas* framework.

## III. Plaintiff Fails to Prove a Prima Facie Case of Either Discrimination or Retaliation.

A prima facie case requires "[a] party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *See Prima Facie Case*, Black's Law Dictionary (10th ed. 2014). Here, the components of a prima facie discrimination claim differ from those of a prima facie retaliation claim. So, the Court views each in turn.

### A. Plaintiff Failed to Establish a Prima-Facie Case of Discrimination.

To prove a prima facie case of discrimination with circumstantial evidence, a plaintiff must establish four elements—(1) that he is a member of a protected class, (2) that he suffered adverse employment action, (3) that he was qualified for the position, and (4) that defendant replaced him with someone outside the protected class or was treated differently that other similarly-situated, non-protected employees. *See Peoples*, 891 F.3d at 634. Here, the primary dispute is qualification—was Plaintiff qualified for a position on the SWAT team?

Plaintiff admits that an applicant can only receive three fail-day notices before being removed from the training program. (ECF No. 51-3 at PageID 169.) Plaintiff received three fail-day notices. (ECF No. 51-2 at PageID 145–50.) Each notice was in writing and stated why he received the fail day. (*Id.*) Furthermore, he effectively affirmed receiving each fail day because he signed and dated each fail-day notice. (*Id.*) Defendant asserts that this establishes that no genuine issue of fact exists and that Plaintiff was not qualified to be on the SWAT team. (ECF No. 51-6 at Page ID 203). The Court agrees that Defendant has proved the lack of a genuine dispute over whether Plaintiff was qualified for the SWAT team. Thus, the burden then shifts to the Plaintiff to establish that a genuine issue of material fact exists.

At its core, Plaintiff's argument appears to stem from the training program's apparent subjectivity. For example, Plaintiff cites one of his fail-day notices, which he received for "consistently falling too far behind the group when running" as evidence of the program's subjective criteria. (*Id*. at 227); (ECF No. 51-2 at PageID 145.) Plaintiff argues—"What is meant by 'consistently' or 'too far behind?' This purported test does not include objective criteria and failed to do so . . . ." (ECF No. 54-1 at PageID 227.)

Plaintiff argues that "the purported 'trainee class' was a purely subjective set of activities which allowed the SWAT team leaders, by design, to deselect those recruits who did not pass the 'one of us' test." (ECF No. 54-1 at PageID 230–31.) Plaintiff alleges that every test that he failed and for which he received a fail-day notice was a subjective and inherently unfair test. For example, Plaintiff targets the land navigation test as "inherently unfair." (*Id*.) Plaintiff argues that he "attempted to do it without following the one and only [applicant] who had experience with Land Navigation due to his prior military service. [Plaintiff] failed the course, and the others passed because they followed the only competent person. [Plaintiff] further contends that the other candidates were not required to show their grids unlike [Plaintiff]." (*Id*.) As a result, he argues that the land navigation test "did not test fairly" the applicants' abilities. (*Id*.) He also contends that he was qualified to serve on the SWAT Team because he served as a Deputy Sheriff for 13 years. (*Id*. at PageID 231.)

While the Court agrees that some of the training program's criteria may have been subjective, it does not agree with Plaintiff's conclusion that he was qualified for the position because of his being a member of the Sheriff's Office. The Shelby County SWAT team is an "elite force" requiring "applicants to undergo rigorous testing," and "most officers within [the Shelby County Sheriff's Office] would be unable to qualify for the S.W.A.T team . . . ." (ECF

No. 51-2 at PageID 137.)  Plaintiff points to no evidence other than his own affidavit to show that he was qualified for this "elite force."  Instead, Plaintiff relies on the subjectivity of the testing process and his time with the SCSO to support his claim that he was qualified.  (ECF No. 54-1 at PageID 230–32.)  The problem with Plaintiff's argument on this point is that subjectivity alone does not lead to unequal treatment.  What Plaintiff argues—with no support—is that Defendant's criteria for the SWAT team were so poorly constructed that those criteria failed to measure one's true qualifications for an assignment to that unit.  (*Id.* at 227–28, 232.)  That said, not only did Plaintiff admit that Defendant issued a "fail day" notice to him and a white applicant for falling behind the others during the running portion of the training, he also admitted that he finished the running tests "last."  (ECF No. 54-4 at PageID 260; ECF No. 55-1 at PageID 281.)  He also admitted that he failed the Land Navigation tests that he took on two separate occasions.  (ECF No. 54-4 at PageID 261 ECF 51-3 at PageID 170–71.)  Plaintiff offers no evidence to suggest the Defendant's decision to remove him from the SWAT training was based on anything besides those three fail day notices.

That said, at oral argument, Plaintiff's counsel argued, without the benefit of case law, that Defendant can never use subjective criteria to determine whether someone was qualified for a position.  The Court respects Plaintiff's reading of the law, but it does not agree with it.

Furthermore, Plaintiff's years of experience do not mean that he was qualified to be on the SWAT team.  By his own admission, the training program is what determined one's ability to join the SWAT team.  (ECF 54-4 at PageID 259.)  Being qualified enough to get into the training program does not mean that one is qualified to join the SWAT team in the same way that getting admitted to college does not mean that one is qualified to make the football or basketball teams for that university or even to get a degree.

Even so, the Court agrees that subjective criteria could theoretically serve as a pretext for discrimination—the vaguer the criteria, the easier it is for unequal application to occur. But here, however, Plaintiff puts forward no objective evidence to show that the training program's criteria were discriminatorily applied to him. Additionally, Plaintiff's response to Defendant's Motion for Summary Judgment lacks any evidence he was qualified for the SWAT team. As pointed out by Defendant, Plaintiff's arguments are "circular." (ECF No. 55 at PageID 269.) Plaintiff seems to rely on the conclusory allegations of his affidavit to support his Memorandum in Opposition to Defendant's Motion for Summary Judgment and vice versa. And Plaintiff points to no evidence other than his own affidavit to deny Defendant's statement of undisputed fact that it removed Plaintiff from the SWAT program solely because of his receipt of three fail-day notices, not his race or prior EEOC complaints. (*See* ECF No. 54-4 at PageID 263.) A plaintiff's "subjective view of her qualification in relation to those of the other applicants, without more, cannot sustain a claim of discrimination." *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 462 (6th Cir. 2004). During Plaintiff's deposition, Defense counsel asked:

> **Q**: Are you aware of anybody who heard anyone say anything that you were failed out due to your race? **A**: No. **Q**: Are you aware of any evidence, whatsoever, that race had anything to do with your failing our of SWAT school? **A**: Just my belief. **Q**: Your belief or your guess; is that fair? **A**: Yes.

(ECF No. 51-3 at PageID 175–76.)

Plaintiff's allegations fail to establish a genuine issue of material fact. One's belief, without more, is insufficient at the prima-facie stage of a discrimination claim. Plaintiff must do more than raise some "metaphysical doubt" at to his qualifications to survive summary judgment. Statements in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. *See Mitchell*, 964 F.2d at 584–85.

Plaintiff's reliance on the subjectivity of the SWAT training test does not establish that he is qualified for the SWAT team. Furthermore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is not 'genuine issue for trial.'" *Scott,* 550 U.S. at 380 (quoting *Matsushita*, 475 U.S. at 586–87). The record establishes that a white individual received a fail-day notice for also "consistently falling behind during exercise."[2] (ECF No. 54-4 at PageID 260.) And Plaintiff received additional, one-on-one training not given to the other recruits, and he still failed to complete the task upon the second attempt. (ECF No. 51-1 at PageID 131; ECF No. 54-4 at PageID 262.) The record establishes the lack of a genuine issue as to Plaintiff's lack of qualifications to join the SWAT team.

In sum, the Court finds that Plaintiff has not alleged enough evidence to allow a jury to infer that he was qualified for a position on the SWAT team. As a result, the Court dismisses Plaintiff's discrimination claim.

**B. Plaintiff's Retaliation Allegations Do Not Shift the Burden to Defendant.**

To prove a prima facie case of retaliation using circumstantial evidence, a plaintiff must prove four elements—(1) that he engaged in an activity protected by Title VII, (2) that his exercise of the protective activity was known by the defendant, (3) that, later on, the defendant took materially-adverse action against him, and (4) that there is a causal connection between the protected activity and the materially-adverse action. *Mansfield*, 706 F. App'x at 236. Here, the primary dispute is causation—is there a causal connection between his EEOC charges and his three fail-day notices?

---

[2] This same individual voluntarily withdrew from the training program after he received a second fail-day notice for once again falling behind in the physical exercise portion of the SWAT training program. (ECF No. 51-6 at PageID 199.)

"In order to establish a causal connection between the protected conduct and the adverse action, a plaintiff must produce enough evidence of a retaliatory motive such that a reasonable juror could conclude that the adverse action would not have occurred but for [his] engagement in protected activity." *Id*. at 236–37 (quoting *Russell v. Kloeckner Metals Corp.*, No. 3-13-0316, 2014 WL 1515527, at *3 (M.D. Tenn. Apr. 18, 2014)).

Plaintiff argues that "the SWAT leaders had actual knowledge of [his] prior protected activities" and that they targeted Plaintiff for failure in the SWAT training course as a result of his EEOC activities." (ECF NO. 54-1 at PageID 235.) Again, the argument appears to be that the fail-day notices, and possibly the training program itself, were subjective to the point that they provided a pretext for Plaintiff's superiors to fail him out of the program. (*Id*. at 230–35.)

But, much like with discrimination, the question goes back to qualification. To prove causation for a retaliation claim under Title VII, plaintiffs must show "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Kubik v. Central Michigan University Bd. of Trustees*, 717 Fed. App'x 577, 585 (6th Cir. 2017) (quoting *Univ. of Texas SW. Med. Ctr. V. Nassar*, 570 U.S. 338, 360 (2013). This is the "so-called 'but-for' causation . . . ." *Mys v. Michigan Dept. of State Police*, 886 F.3d 591, 600 (6th Cir. 2018). Plaintiff's failure to put forth proof creating a genuine issue that he was qualified for the SWAT team renders any alleged unlawful motive an alternative causation, at most, of the adverse action and fails to raise a genuine issue of material fact. *Mansfield*, 706 F. App'x at 236–37. In other words, if Plaintiff was not qualified to be on the SWAT team, then his prior protected activities are immaterial because a jury could not determine that the Plaintiffs engagement in protected activity was the but-for

cause of his termination from the SWAT program. As a result, just as the Court dismissed Plaintiff's discrimination claim because he was unqualified, it dismisses his retaliation claim on the same grounds.

## **CONCLUSION**

For the above reasons, the Court GRANTS Defendant's Motion for Summary Judgment. Plaintiff's Complaint is dismissed WITH PREJUDICE.

**SO ORDERED**, this 7th day of September, 2018.

                                                  s/Thomas L. Parker
                                                  THOMAS L. PARKER
                                                  UNITED STATES DISTRICT JUDGE